# EXHIBIT A



# Service of Process Transmittal
12/03/2018
CT Log Number 534502906

**TO:** Renee Simonton, President
RELX Inc.
1105 North Market Street, Fifth Floor
Wilmington, DE 19801

**RE:** **Process Served in Florida**

**FOR:** LexisNexis Risk Solutions Inc. (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ERNESTO ALBORS, PLTF. vs. LEXISNEXIS RISK SOLUTIONS INC., DFT. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 201839809CA01 |
| **NATURE OF ACTION:** | COMPLAINT FOR VIOLATION OF 15 U.S.C 8 1681o |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2018 at 13:34 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Nicholas Babinsky<br>Nicolas Babinsky, P.A.<br>P.O. BOX 66-0023<br>Miami Springs, FL 33266<br>305-992-1032 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/03/2018, Expected Purge Date: 12/08/2018<br><br>Image SOP<br><br>Email Notification, Renee Simonton  renee.simonton@relx.com<br><br>Email Notification, Jacqueline Gregorski  jacqueline.gregorski@relx.com<br><br>Email Notification, Julie Goldweitz  julie@reilaw.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 1 / JN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |
|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | 2018-39809 CA 01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| ERNESTO ALBORS | LEXISNEXIS RISK SOLUTIONS, INC. | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): CT CORPORATE SYSTEM AS REGISTERED AGENT FOR LEXISNEXIS RISK SOLUTIONS, INC. 1200 PINE ISLAND RD, PLANTATION, FL. 33324 or

LEXISNEXIS RISK SOLUTIONS, INC. 1000 ALDERMAN DRIVE, ALPHARETTA, GA. 30005

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: NICOLAS BABINSKY, ESQ.

whose address is: P.O. BOX 66-0023, MIAMI SPRINGS, FL. 33266

CLOCK IN

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28. Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | Shaunteria Carey<br><br>DEPUTY CLERK | DATE<br>NOV 30 2018 |
|---|---|---|

### AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 11/18    Clerk's web address: www.miami-dadeclerk.com

| | |
|---|---|
| ERNESTO ALBORS, | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | |
| vs. | |
| LEXISNEXIS RISK SOLUTIONS, INC., | CASE NO. 2018-39809 CA 01 |
| Defendant. | |
| _____/ | |

## COMPLAINT / STATEMENT OF CLAIM

Plaintiff, ERNESTO ALBORS, by and through undersigned counsel, sues the Defendant, LEXISNEXIS RISK SOLUTIONS, INC., and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.01, exclusive of attorneys' fees, interest and costs, and within the jurisdiction of this Court.

2. Venue is proper in Miami-Dade County, Florida because the actions described herein occurred in Miami-Dade County, Florida.

3. This is an action brought pursuant to 15 U.S.C. § 1681, which may be brought in any court of competent jurisdiction.

### THE PARTIES

4. Plaintiff is a resident of Miami-Dade County, Florida.

5. Defendant is a foreign corporation that does business in Florida, and is otherwise *sui juris*.

### GENERAL ALLEGATIONS

**A. DEFENDANT'S PRACTICES AND OBLIGATIONS AS A CONSUMER REPORTING AGENCY**

6. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 USC § 1681a(c).

7. At all times pertinent hereto, Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

8. Defendant provides consumer reports that it knows, or should know, are used for employment purposes.

9. The Fair Credit Reporting Act was enacted "to insure that consumer reporting agencies exercise their *grave responsibilities* with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4) (emphasis added), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

10. One of the principal ways Congress sought to ensure a "fair and equitable" dissemination and use of potentially damaging consumer information was by including in the statutory scheme a series of due-process-like protections that are supposed to impose strict procedural rules on "'consumer reporting agencies" and users of "consumer reports."

11. Defendant investigates and reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

12. From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants.

13. A consumer reporting agency is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

### B. THE EXPERIENCE OF ERNESTO ALBORS

14. On April 25, 2018, Ernesto Albors applied for a job as a salesman at Bill Ussery Motor Group/Mercedes-Benz of Cutler Bay ("Mercedes").

15. As part of its application process, Mercedes requires background checks to be run on all applicants.

16. Mercedes has a contract with Defendant to provide background checks in order to facilitate its need.

17. Mercedes requested Defendant perform a background check of Mr. Albors in connection with his application for employment.

18. On or about May 15, 2018, Defendant conducted a background check of Mr. Albors and subsequently provided Mercedes with a background report for Mr. Albors.

19. Defendant's background report revealed inaccurate information related to events dated July 9, 2002 and August 1, 2002.

20. Over fourteen (14) years prior to the background check at issue, the criminal offenses revealed in said background check were sealed by the court.

### COUNT I - VIOLATION OF 15 U.S.C § 1681o

21. Plaintiff hereby incorporates and re-alleges the allegations contained in paragraphs 1 through 20 of this Complaint as is fully set forth herein.

22. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

23. Defendant failed to take *any steps*, let alone reasonable steps, to verify the accuracy of the information reported prior to providing the report to Mercedes.

24. Mercedes denied Mr. Albors employment due to the inaccurate information contained in the report by Defendant.

25. In connection with the denial of employment, Mr. Albors suffered a loss of income.

26. This denial of employment is as a direct result of Defendant's negligence in failing to take reasonable step in verifying the accuracy of the information contained in Mr. Albors report.

27. As such, Defendant's actions runs afoul of 15 U.S.C. § 1681 and constitutes, at a minimum, negligence.

28. Mr. Albor's has been forced to hire the undersigned counsel based upon the actions of Defendant.

29. Mr. Albor's is entitled to reasonable attorney's fees and costs associated with bringing the instant action pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, the Plaintiff, Ernesto Albors, demands judgment against, Defendant, LexisNexis Risk Solutions, Inc., for damages associated with the denial of employment, including, but not limited to, loss of income, attorney's fees and costs, and any other relief this Court deems just and proper.

### COUNT II- VIOLATION OF 15 U.S.C § 1681i

30. Plaintiff hereby incorporates and re-alleges the allegations contained in paragraphs 1 through 20 of this Complaint as is fully set forth herein.

31. On or about September 10, 2018, Mr. Albors, by and through the undersigned, sent a request to Defendant disputing the accuracy of information contained in the May 15, 2018 background report.

32. Mr. Albors requested that his record be corrected and updated in accordance with 15 U.S.C. § 1681i.

33. Mr. Albors requested Defendant delete any reference whatsoever to the sealed record, and provide proof of the same.

34. To date, Defendant has failed to comply with Mr. Albors' request and has failed to comply with the requirements of 15 U.S.C. § 1681i.

35. Mr. Albor's has been forced to hire the undersigned counsel based upon the actions of Defendant.

36. Mr. Albor's is entitled to reasonable attorney's fees and costs associated with bringing the instant action pursuant to 15 U.S.C. § 1681.

**WHEREFORE**, the Plaintiff, Ernesto Albors, demands judgment against, Defendant, LexisNexis Risk Solutions, Inc., and demands any and all reference to the inaccurate information be deleted from Defendant's records, attorney's fees and costs, and any other relief this Court deems just and proper.

**DEMAND** is hereby made for a trial by jury on all issues so triable.

/s/ *Nicolas Babinsky*
Nicolas Babinsky, Esq.
FBN: 996599
Counsel for Plaintiff

**Law Offices of
Nicolas Babinsky, P.A.**
P.O. BOX 66-0023
Miami Springs, FL 33266
NBabinsky@gmail.com
Tel: (305) 992-1032

Complaint/Statement of Claim
Page 5 of 5